[Cite as *State v. Arroyo*, 2024-Ohio-5539.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No.    24CA012118 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JAMIE SAMUEL ARROYO | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.    22CR107945 |

DECISION AND JOURNAL ENTRY

Dated: November 25, 2024

FLAGG LANZINGER, Judge.

{¶1}    Jamie Samuel Arroyo appeals his sentence for gross sexual imposition from the Lorain County Court of Common Pleas.  For the following reasons, this Court reverses in part, and remands the matter for further proceedings consistent with this opinion.

I.

{¶2}    A grand jury indicted Arroyo on the following three counts: (1) illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) (a second-degree felony) ("Count One"); (2) gross sexual imposition in violation of R.C. 2907.05(A)(4) (a third-degree felony) ("Count Two"); and (3) illegal use of a minor or impaired person in nudity-oriented material or performance in violation of R.C. 2907.323(A)(1) (a fifth-degree felony) ("Count 3").  Arroyo pleaded not guilty.

{¶3}    The State and Arroyo later reached a plea agreement.  At the change of plea hearing, the State explained that it agreed to amend Count Two to a violation of R.C. 2907.05(A)(1) instead

of a violation of R.C. 2907.05(A)(4). This reduced Count Two from a third-degree felony to a fourth-degree felony. R.C. 2907.05(C)(1) and (2). In exchange, Arroyo agreed to plead guilty. The trial court accepted Arroyo's guilty plea and set the matter for sentencing on the amended indictment.

{¶4} At the sentencing hearing, the trial court acknowledged that it was sentencing Arroyo according to the amended indictment. The trial court determined that Count One and Count Three merged for purposes of sentencing. The State elected to proceed with sentencing on Count Three. The trial court sentenced Arroyo to twelve months in prison on Count Three, and three years in prison on Count Two. The trial court ordered the sentences to run concurrently. The trial court also ordered Arroyo to register as a Tier I sex offender.

{¶5} Arroyo now appeals his sentence, raising two assignments of error for this Court's review.

ASSIGNMENT OF ERROR I

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR WHEN IT SENTENCED APPELLANT TO A PRISON TERM OF THIRTY-SIX (36) MONTHS FOR A FELONY OF THE FOURTH DEGREE.

{¶6} In his first assignment of error, Arroyo argues that the trial court committed plain error when it sentenced him to a prison term of thirty-six months on Count Two, which exceeds the maximum penalty for a fourth-degree felony. The State has conceded this error on appeal. For the following reasons, this Court sustains Arroyo's first assignment of error.

{¶7} "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence" that: (1) "the record does not support the trial court's findings under relevant statutes[,]" or (2) "the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "which will produce in the

mind of the trier of facts a firm belief or conviction as to the facts sought to be established." *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus. A sentence is contrary to law if it exceeds the maximum sentence available for an offense. *State v. Cunningham*, 2017-Ohio-377, ¶ 37 (7th Dist.).

{¶8}  Here, the State amended Count Two of the indictment from a third-degree felony under R.C. 2907.05(A)(4) to a fourth-degree felony under R.C. 2907.05(A)(1) at the change of plea hearing. R.C. 2907.05(C)(1) and (2). The maximum prison term for a fourth-degree felony is eighteen months. R.C. 2929.14(A)(4). Yet the trial court imposed a prison term of three years on Count Two. Consequently, the trial court imposed a sentence that is contrary to law on Count Two because it exceeds the maximum sentence available for that offense. R.C. 2907.05(A)(1); R.C. 2929.14(A)(4); *see State v. Edwards*, 2020-Ohio-927, ¶ 19 (8th Dist.) (acknowledging that a sentence is contrary to law if it exceeds the maximum sentence available for an offense). Arroyo's first assignment of error is sustained. This Court vacates Arroyo's sentence on Count Two and remands the matter for resentencing on that count.

## ASSIGNMENT OF ERROR II

APPELLANT WAS PREJUDICED BY INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.

{¶9}  In his second assignment of error, Arroyo argues that his trial counsel rendered ineffective assistance by not objecting to the trial court's sentence on Count Two. In light of this Court's disposition of Arroyo's first assignment of error, Arroyo's second assignment of error is moot and is overruled on that basis. *See* App.R. 12(A)(1)(c).

4

III.

{¶10} Arroyo's first assignment of error is sustained. Arroyo's second assignment of error is overruled on the basis that it is moot. The judgment of the Lorain County Court of Common Pleas is reversed in part, and the matter is remanded for resentencing on Count Two.

Judgment reversed in part,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, P. J.
HENSAL, J.
CONCUR.

APPEARANCES:

JOHN F. CORRIGAN, Attorney at Law, for Appellant.

J.D. TOMLINSON, Prosecuting Attorney, and MARK ANTHONY KOZA, Assistant Prosecuting Attorney, for Appellee.